### GRAY v. TANTLEFF et al.

### In re DICKER.

(District Court, E. D. New York. April 13, 1921.)

Bankruptcy ⚖➔303(3)—Evidence held to establish voidable preference.

Evidence *held* to sustain the claim of a trustee that payments made to a creditor within four months constituted a voidable preference, and were not made in payment for present or future purchases.

⚖➔For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At Law. Action by James Gray, trustee in bankruptcy of Louis Dicker, against Hyman Tantleff and Max Borok. Judgment for plaintiff.

Leon Dashew, of New York City, for plaintiff.
Adolph Waxenbaum, of New York City, for defendants.

CHATFIELD, District Judge. In this action the trustee in bankruptcy has brought suit to recover the payment of $200 cash and a note of a third party for $500, upon which $150 has been paid into court, according to the terms of payment. The money and note were given by the bankrupt to the defendants in payment for meats furnished to the bankrupt prior to the filing of the petition, at the time when he was conducting a retail butcher shop. The petition was filed April 8, 1920, the $200 cash was paid March 4, 1920, and the note, which is dated February 6, 1920, was delivered at or about the time of its making, if the testimony for the defendants is to be believed. The defendants contend that these payments were for present purchases of meat, and that the defendants had no reasonable ground to believe either that the bankrupt was insolvent or that they were securing a preference.

If the note or the money was turned over as a present consideration for meat then purchased and delivered, or if future credit was secured by reason of that payment, there would be no unlawful preference, unless good faith was lacking on the part of the creditor, even though he had reason to know that the bankrupt was in perilous financial condition. Section 60 (c), Bankruptcy Law (Comp. St. § 9644).

As to the $200, the testimony appears to show that meat, for at least that amount, was soon after delivered, and the bankrupt's assets increased to that extent. But the demand that something must be paid on account shows knowledge on the part of the defendants that the bankrupt's credit was impaired, and any payment recoverable as a preference could be attacked, unless bankruptcy were held off for at least four months.

As a matter of fact the bankrupt was hopelessly insolvent all the time. No single purchase totaling $500 was made around the time when the $500 note is alleged to have been delivered. The evidence shows that this note was not entered in the books until a short time before bankruptcy. Suit was brought against the bankrupt in the Municipal Court for the total bill, without deducting any credit for the $500 note. When judgment was entered in that action, the attention of the creditor had been called to the existence of this note, and then the amount was corrected on the bill. It would appear that this note was credited subsequently as a definite preferential payment, and the books made to correspond with what would have been shown, if the note had been delivered at the time it was made, as a basis for future credit.

All of the elements of a preference being present, and the testimony upon which the claim of preference is based not having been successfully contradicted or explained by the defendants, it will be held that

the trustee is entitled to recover the note, and the proceeds thereof in so far as the note has been paid.

The plaintiff may have judgment accordingly, with costs.